IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Master Docket No. 09-md-02063-JLK-KMT (MDL Docket No. 2063)

IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION

This document relates to: *In re Rochester National Municipal Fund*
09-CV-550-JLK-KMT (Bock)
09-CV-706-JLK-KMT (Stokar)
09-CV-927-JLK-KMT (Tackmann)
09-CV-1042-JLK-KMT (Krim)
09-CV-1060-JLK-KMT (Truman)
09-CV-1482-JLK-KMT (Laufer)
09-CV-1908-JLK-KMT (Lariviere)

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This Court having considered the Stipulation and Agreement of Settlement, including all Exhibits thereto (the "Stipulation"), entered into by and among Peter Unanue ("Lead Plaintiff"), on behalf of himself and the Class, and the Oppenheimer Rochester National Municipal Fund (the "National Fund"), OppenheimerFunds, Inc. ("OFI"), and OppenheimerFunds Distributor, Inc. ("OFDI") (collectively, "Oppenheimer"), John V. Murphy, Brian W. Wixted, Ronald H. Fielding, Daniel G. Loughran, Scott Cottier and Troy E. Willis (together with Oppenheimer, the "Oppenheimer Defendants"), Brian F. Wruble, David K. Downes, Matthew P. Fink, Robert G. Galli, Phillip A. Griffiths, Mary F. Miller, Joel W. Motley, Russell S. Reynolds, Jr., Joseph M. Wikler, Peter I. Wold, Clayton K. Yeutter, and Kenneth A. Randall (collectively, the "Trustee Defendants"), Massachusetts Mutual Life Insurance Company ("MassMutual"), and Oppenheimer Multi-State Municipal Trust (the Oppenheimer Defendants, the Trustee

Defendants, MassMutual, and Oppenheimer Multi-State Municipal Trust are collectively referred to as "Defendants"), and having held a hearing on July 31, 2014; and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed, and good cause appearing therefor,

IT IS HEREBY ORDERED that:

## INTRODUCTORY FINDINGS

1. This Final Judgment and Order of Dismissal ("Judgment") incorporates herein and makes a part hereof the Stipulation, including the Exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court has personal jurisdiction over the Lead Plaintiff, the Class Members and Defendants for purposes of this Action and settlement, and has subject matter jurisdiction to approve the Stipulation and the terms and conditions of the settlement set forth therein (the "Settlement").

## AFFIRMANCE OF CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Federal Rule 23"), the Court confirms certification of the following settlement Class, as ordered by the Court in its March 3, 2014 Order Preliminarily Approving Settlement and Providing for Notice (Docket No. 499) (the "Preliminary Approval Order"):

all persons and entities who purchased or otherwise acquired A, B, or C shares of the Oppenheimer Rochester National Municipal Fund (the "National Fund") during the period from March 13, 2006 through October 21, 2008, inclusive, and were damaged thereby (the "Class"). Excluded from the Class are Defendants; members of Defendants' immediate families; Defendants' legal representatives, heirs, successors, or assigns; any entity in which Defendants have or had a controlling interest; and Oppenheimer's officers and directors (collectively, "the Excluded Defendant Parties"). Also excluded from the Class are the individuals or entities, listed on **Exhibit 1** hereto, who have timely and validly excluded themselves from the Class.

4. The Court confirms that certification of the settlement Class meets the requirements of Federal Rule 23 as follows:

(a) There are thousands of Members of the Class and likely more, and the Class is of sufficient size and geographical dispersion that joinder of all Class Members is impracticable, thus satisfying Federal Rule 23(a)(1).

(b) There are questions of law and fact common to the settlement Class, thus satisfying Federal Rule 23(a)(2). Among the questions of law and fact common to the settlement Class are whether the Securities Act of 1933 was violated by Defendants' acts as alleged; whether statements made by Defendants to the investing public in the Fund's registration statements and prospectuses misrepresented or omitted material facts; and whether the Members of the Class have sustained damages and, if so, what is the proper measure thereof.

(c) Lead Plaintiff's claims for violations of Section 11, 12(a)(2) and 15 of the Securities Act of 1933 are typical of the claims of the Class, thus satisfying Federal Rule 23(a)(3).

(d) Lead Plaintiff and Lead Counsel have and will fairly and adequately protect the interests of the Class, thus satisfying Federal Rule 23(a)(4).

(e) The questions of law and fact common to the settlement Class predominate over any questions affecting only individual members thus satisfying Federal Rule 23(b)(3).

(f) A class action is superior to other available methods for the fair and efficient adjudication of the controversy, satisfying Federal Rule 23(b)(3).

5. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Class.

6. The Court certifies the Class exclusively for the purpose of the settlement of this Action. If the Effective Date does not occur, or if the Settlement is terminated or modified in any material respect or fails to become effective for any reason, then the certification of the Class shall be vacated. The certification of the Class for settlement purposes shall not be used as evidence or law of the case in any action or proceeding, other than in connection with the Settlement of this Action.

## CLASS NOTICE FINDINGS AND OPT-OUTS

7. The record shows that Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order (Dkt. 499). The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the terms of the Settlement, and the Class Members' rights to object to or exclude themselves from the Class and to appear at the settlement fairness hearing held on July 31, 2014 (the "Settlement Hearing"); (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice: and (iv) meets the requirements of due process, Federal Rule 23, and Section 27 of the Securities Act of 1933 (15 U.S.C. §77z-l(a)(7)), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

8.  No individuals or entities, other than those listed on **Exhibit 1** hereto, have timely and validly excluded themselves from the Class. This Judgment shall have no force or effect on the persons or entities listed on **Exhibit 1** hereto.

## FINDINGS THAT ARMS'-LENGTH NEGOTIATIONS OCCURRED

9.  The Court finds that extensive arms'-length negotiations have taken place in good faith between Lead Counsel and Defendants' Counsel resulting in the Stipulation. The Court also finds that extensive arms'-length negotiations have taken place between Allocation Counsel appointed by Lead Counsel to represent the interests of Class Members here and Class Members in the other Consolidated Actions in order to apportion the initial settlement amount among the Class Members in the Consolidated Actions and that these arms'-length negotiations afforded the structural protection required to ensure adequate representation of these constituencies.

## APPROVAL OF THE SETTLEMENT

10. Pursuant to Federal Rule 23(e), the Court hereby finally approves in all respects the Settlement on the terms and conditions set forth in the Stipulation and finds that the Settlement and the Stipulation are, in all respects, fair, reasonable and adequate, and in the best interest of the Class.

11. The parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation. In addition, the settling parties are authorized to agree to and adopt such amendments and modifications to the Stipulation, or any Exhibits attached thereto, to effectuate the Settlement as (i) shall be consistent in all material respects with this Judgment, and (ii) do not limit the rights of the Class in connection with the Settlement. Without further order of the Court, the settling parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

## DISMISSAL OF CLAIMS AND RELEASE

12. The Amended Class Action Complaint filed in the Action and all claims asserted therein are hereby dismissed with prejudice and without costs to any party, except as otherwise provided in the Stipulation.

13. The Court finds that during the course of the Action, the settling parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

14. Upon the Effective Date of the Settlement (as defined in Paragraph 23 of the Stipulation), the Releasing Plaintiff Parties (as defined in Paragraph 1(cc) of the Stipulation) shall be deemed to have, and by operation of this Judgment shall have, forever released and discharged the Released Claims (as defined in Paragraph 1(w) of the Stipulation) as against the Released Defendant Parties (as defined in Paragraph 1(x) of the Stipulation).

15. Upon the Effective Date of the Settlement (as defined in Paragraph 23 of the Stipulation), the Releasing Defendant Parties (as defined in Paragraph 1(bb) of the Stipulation) shall be deemed to have, and by operation of this Judgment shall have, forever released and discharged the Released Plaintiff Parties (as defined in Paragraph 1(aa) of the Stipulation) from the Released Defendants' Claims (as defined in Paragraph 1(y) of the Stipulation).

16. No Releasing Plaintiff Party, either directly, representatively, or in any other capacity, shall commence, continue, or prosecute against any or all of the Released Defendant Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, and each Releasing Plaintiff Party is hereby permanently enjoined from so proceeding. Upon the Effective Date, and without any further action, Lead Plaintiff further shall not knowingly and voluntarily assist in any way any third party in commencing or prosecuting any suit against the Released Defendant Parties relating to any Released Claim.

17.     Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim or Dispute Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

18.     This Judgment, the Preliminary Approval Order, the Stipulation and their terms, the negotiations leading up to the Stipulation, the Settlement, and the proceedings taken pursuant to the Settlement, shall not: (1) be construed as an admission of liability or an admission of any claim or defense on the part of any party, in any respect; (2) form the basis for any claim of estoppel by any third party against any of the Released Defendant Parties; or (3) be admissible or referred to in any action, suit, proceeding, or investigation as evidence, or as an admission (a) of any wrongdoing or liability whatsoever by any of the Released Defendant Parties or as evidence of the truth of any of the claims or allegations contained in any complaint filed in the Action; (b) that Lead Plaintiff, Class Members, or others have suffered any damages, harm or loss, or (c) that the certification of a class is proper in any case. Neither this Judgment, nor the Preliminary Approval Order, nor the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any action taken to carry out this Judgment, the Preliminary Approval Order, or Stipulation by any of the Parties shall be referred to, offered into evidence, or received in evidence in any pending or future civil, criminal or administrative action or proceeding, except in a proceeding to enforce this Judgment, the Preliminary Approval Order or the Stipulation, or to enforce any insurance rights, to defend against the assertion of Released Claims (including to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction), or by Lead Counsel to demonstrate its adequacy to serve as class counsel pursuant to Federal Rule of Civil Procedure 23(g) (or its state law analogs), or as otherwise required by law.

19. (a) Upon the Effective Date, the Released Defendant Parties are discharged from all claims for contribution and all claims for indemnification by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Released Claims. Accordingly, to the fullest extent provided by law, upon the Effective Date the Court bars all the claims referred to in this paragraph: (i) against the Released Defendant Parties; and (ii) by the Released Defendant Parties against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and this Judgment.

(b) In the event any Class Member seeks to recover damages or any other form of monetary relief ("Damages") from any person or entity based upon claims that arise out of, or relate in any way to, the Released Claims, the Class Member shall give such person or entity the benefit of judgment reduction or offset equal to the greater of: (1) the amount of recovery obtained by the Class Member in connection with the Settlement; or (2) the amount of any of the Released Defendant Parties' equitable share of the Damages. In the event that any Class Member obtains a judgment against any person or entity based upon claims that arise out of, or relate in any way to, the Released Claims, the Class Member agrees to reduce such judgment, up to the full extent thereof, so as to extinguish any claim such person or entity has successfully litigated against any Released Defendant Party for contribution, indemnification or the like, however styled.

### ESCROW ACCOUNT

20. The Court finds that the Escrow Account (as defined in Paragraph 1(h) of the Stipulation) is a Qualified Settlement Fund as defined in section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

(a) The Escrow Account was established pursuant to an order of this Court, specifically the Preliminary Approval Order, and is subject to the continuing jurisdiction of this Court;

(b) The Escrow Account was established to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liability arising out of an alleged violation of law; and

(c) The assets of the Escrow Account are segregated from other assets of Defendants, the transferors of payments to the Settlement Fund, and from the assets of persons related to Defendants.

21. Under the relation-back rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a) The Escrow Account met the requirements of Paragraphs 20(b) and 20(c) of this Judgment at the time it was established pursuant to the Preliminary Approval Order, subject to the continued jurisdiction of this Court; and

(b) Defendants and the administrator under section 1.468B-2(k)(3) of the Treasury Regulations may jointly elect to treat the Escrow Account as coming into existence as a Qualified Settlement Fund on the earlier of the date the Escrow Account met the requirements of Paragraphs 20(b) and 20(c) of this Judgment or January 1 of the calendar year in which all of the requirements of Paragraph 20 of this Judgment are met. If such relation-back election is made, the assets held by the Escrow Account on such date shall be treated as having been transferred to the Escrow Account on that date.

## **CONTINUING JURISDICTION**

22. Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Stipulation, the Settlement, and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose. Defendants, the Lead Plaintiff and each Class Member are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement or the Stipulation, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, Defendants, the Lead Plaintiff and each Class Member are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

## **MISCELLANEOUS**

23. Any plan for allocating the Net Settlement Fund to eligible Class Members submitted by Lead Counsel or any order regarding the Fee and Expense Application, or any appeal, modification or change thereof, shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

24. The Defendants and Released Defendant Parties shall have no liability with respect to the Fee and Expense Application or the administration of the Settlement.

25. In the event that the Settlement does not become effective according to the terms of the Stipulation, this Judgment shall be rendered null and void as provided by the Stipulation,

shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

DATED: July 31, 2014

_____
THE HONORABLE JOHN L. KANE
SENIOR UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

|    | Tracking Number | Name |
|----|-----------------|------|
| 1  | 900000002 | EDWARD D JONES & CO CUSTODIAN FBO THOMAS C UHLEMANN IRA |
| 2  | 900000003 | ROBERT COOPER |
| 3  | 900000004 | JOANNE D ANASTASIO |
| 4  | 900000005 | UBS FINANCIAL SERVICES INC FBO WILLIAM R COULSON & ELIZABETH COULSON |
| 5  | 900000006 | GEORGE PAUL KAZOKAS |
| 6  | 900000007 | SONJA M FRISINO |
| 7  | 900000012 | ETHELENE C HAYES AND EARL E HAYES JTWROS |
| 8  | 900000015 | KENNETH J THOMPSON C/O DAVE THOMPSON |
| 9  | 900000016 | JOHN H GOYKE AND PEGGY C GOYKE(DECD) JTWROS |
| 10 | 900000017 | UBS FINANCIAL SERVICES INC FBO CLYDE CHARLES KUSHMEADER LINDA G KUSCHMEADER JTWROS |
| 11 | 900000021 | THOMAS J HIMBER |
| 12 | 900000031 | PETER VENERDI |
| 13 | 900000032 | LINDA Q BUNCH |
| 14 | 900000033 | HENRY PFEIFFER TOD SUBJECT TO STA TOD RULES NE |
| 15 | 900000034 | EDWARD G STRIBICK & SHARON S STRIBICK JT TEN WROS NOT TC |
| 16 | 900000035 | KENNETH ALLEN MORRISON TTEE THE GROSS-MORRISON TRUST U/A DTD 09/05/2006 |
| 17 | 900000036 | ESTATE OF ALBERT A ANAYA ANGELA GILMETTE, EXECUTOR |